**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **BEN VENTURA,** | |
| **Plaintiff,** | **Case No. 26-4049-DDC-RES** |
| **v.** | |
| **FRAN VELLA-MARRONE, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Ben Ventura has filed a perfunctory Complaint.  It alleges that defendants "frequently violated due process" and that the "compensation demand is above the jurisdictional limit."  Doc. 1 at 1 (Compl. ¶¶ 1–2).  The court lacks jurisdiction over this "patently insubstantial complaint[.]"  *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).  Plaintiff's passing reference to due process, unadorned with any factual allegation, is the sort of "wholly insubstantial" and "obviously frivolous" claim that can't suffice to invoke federal-court jurisdiction.  *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quotation cleaned up).  The court thus dismisses this case without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.");

---

[1]    Because Mr. Ventura represents himself, the court construes his filings liberally but won't serve as his advocate.  *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

*see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2]

Because this Order dismisses the Complaint, plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is moot, and the court denies it on that basis. The court directs the Clerk of Court to enter Judgment consistent with this Order and close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Ben Ventura's Complaint (Doc. 1) is dismissed. The court directs the Clerk of Court to enter Judgment and close this case.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is denied.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[2]    Even if plaintiff's Complaint alleged more, the court still would lack subject matter jurisdiction over it. The Complaint says nothing about the citizenship of the parties, so the court can't exercise diversity jurisdiction. *See Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (explaining that, for the court to exercise diversity jurisdiction, "the complaint must allege that the plaintiff and defendant are citizens of different states"). And plaintiff's passing reference to "due process" is insufficient to invoke federal-question jurisdiction. *See Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 (10th Cir. 2019) ("[Plaintiff's] mere use of federal law labels is insufficient to invoke federal question jurisdiction.").